UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMMY LEE FARR,

    Plaintiff,	No. 18-11092

v.	District Judge Stephen J. Murphy
    Magistrate Judge R. Steven Whalen

O.T. WINN, ET AL.,

    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, Tommy Farr, is a prisoner within the Michigan Department of Corrections (MDOC), and he brings this action under 42 U.S.C. § 1983, alleging an Eighth Amendment claim of deliberate indifference against Defendants Miller and Karl. ECF No. 1, PageID.3. Before the Court are Defendants' Motion for Summary Judgment [ECF No. 39], and Plaintiff's Motion for Summary Judgment [ECF No. 45],which have been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the Defendants' Motion [ECF No. 45] be GRANTED and that Plaintiff's Motion [ECF No. 45] be DENIED.

## I.   FACTS

The basis of this claim is an alleged failure of the Defendants to protect Mr. Farr from his cellmate, Donovan Wesson, who physically assaulted Plaintiff. *Complaint*, ECF No. 1., PageID.3. Plaintiff alleges that on September 22, 2015, Wesson attacked him with a lock that was inside a sock. Plaintiff states that Wesson was a member of the Bloods gang. *Id*., PageID.3. Plaintiff's injuries included a broken hand, concussion resulting in headaches and memory loss, and emotional suffering (nightmares). *Id*.  Plaintiff claims

that the Defendants "showed a deliberate indifference [to] his 8th Amendment right to be protected." *Id.*

Plaintiff has attached five identical letters, dated September 14, 2015, directed to Warden O.T. Winn, Defendant and Assistant Resident Unit Supervisor ("ARUS") Miller, ARUS Morgan, Defendant and Corrections Officer Karl, and an unnamed Inspector. Id. PageID.5-9. In the letters, dated eight days before the assault, Plaintiff stated that at about 7:30 a.m. that morning, he "received a threatening note from a (Bloods) gang member," telling him that he had better move to protective custody, and that "they were going to get someone to kill" him. The letters concluded with Plaintiff's request to be moved to protective custody, and stating, "I'm (62) years old and fear for my life and safety." *Id*. PageID.6,7,8, and 9.

At his deposition, Plaintiff testified that before the assault, he wrote and delivered the letters to Defendants Miller and Karl to notify them of the threat. *Plaintiff's Deposition*, ECF No. 39-2, PageID.190. He testified that on the same day he received the threat, he delivered the letter addressed to Defendant Miller through the ARUS mailbox, and that he personally gave the letter to CO Karl when Karl made his rounds that morning. *Id*., PageID.184-185. Plaintiff testified that he did not have any way of knowing if Morgan, Winn, and Defendant Miller ever got the letters that he put in their mailboxes. *Id*., PageID.186.

Defendant Gary Miller submitted an affidavit in which he denies that Plaintiff spoke to him or handed him a letter on September 14, 2015: "Farr did not speak to me verbally on 9/14/15 and notify me of written threats he had received under his door that morning, nor did he hand deliver me a written letter dated 9/14/15." ECF No. 39-4, PageID.197. He states that the Plaintiff did not convey to him any requests for protection.

-2-

*Id*.  Had Plaintiff done so, he says, he would have interviewed Plaintiff and followed up. *Id*.  He states that he did not know of Plaintiff's need for protection until the assault on September 22, 2015, and at that time he prepared a request for protection and recommended that Plaintiff be transferred to another facility. *Id*., PageID.197-198. Miller's request for protection, dated September 22, 2015, is attached to Defendants' motion as Exhibit 2. ECF No. 39-3, PageID.194.

Defendant Bobby Karl also submitted an affidavit. He states that Plaintiff "did not speak to me verbally on 9/14/15 and notify me of written threats he received under his door that morning, nor did he hand deliver me a written letter dated 9/14/15.  I did not have a mailbox, so any letter he would give to me would have to be delivered in person. I was not working on 9/14/15 as I had a day off." ECF No. 39-5, PageID.202.  He states that Plaintiff never asked him later why he had not responded to his letter or moved him. *Id*. Had he received such a letter from the Plaintiff, Karl states, he would have reported it to his supervisor. *Id*.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).  To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If the non-moving party cannot meet that burden, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322-23.

### III.   DISCUSSION

#### A.   Defendants' Motion for Summary Judgment [ECF No. 39]

Plaintiff alleges deliberate indifference to a serious need in violation of the Eighth Amendment, which requires a showing that the Defendants knew the Plaintiff was likely to be harmed and consciously failed to protect the Plaintiff. *Doe v Sullivan County*, 956 F2d 545 (6th Cir. 1992). For an Eighth Amendment "failure to protect" claim, the plaintiff must show that the defendant was "deliberately indifferent to a serious need." *Wilson v Seiter*, 501 US 294 (1991). Demonstrating "deliberate indifference to a serious

need" requires that the defendant knew the plaintiff was likely to be a victim and the defendant consciously failed to take steps to prevent harm to the plaintiff. *Doe*, 956 F2d at 545. This deliberate indifference standard has also been described as "callous neglect." *See Roland v Johnson*, 856 F2d 764, 769 (1988).

"Generally an isolated or occasional attack is not sufficient to state a claim." *Stewart*, 696 F2d at 43. Furthermore, simply failing to perceive a threat is insufficient to show an Eighth Amendment violation. *See Farmer v. Brennan*, 511 U.S. at 838 (1970). Defendants argue that this isolated attack upon Farr cannot satisfy the "deliberate indifference" standard because there has not been any corroborated evidence indicating a complaint or fear of threat given to the Defendants prior to the assault; in other words, they did not know of the threat prior to the actual assault. ECF No. 39, PageID.164.

In their affidavits, the Defendants state that they did not receive the Plaintiff's letter dated September 14, 2015, nor did Plaintiff verbally inform them of the threat. Indeed, Defendant Karl has submitted documentary evidence that he was not working that day, so Plaintiff could not have handed him the letter or talked to him, contrary to Plaintiff's deposition testimony. *See Farr Deposition*, ECF No. 39-2, PageID.184-185. Moreover, in his response to this motion [ECF No. 42], Plaintiff appears to not contest the fact that Karl was not working on September 14, stating (again contrary to his deposition testimony) that his "citing of the specific date may be in error...." ECF No. 42, PageID.223. Instead, Plaintiff speculates "that while the record produced may support the claim that defendant Karl was off on 9/14/15, the video camera footage from the 13th, 15th or even 16th may show the passing of mail between the plaintiff of defendant." *Id.* PageID.224. And as to Defendant Miller, who has also stated in his affidavit that he did not receive any letter from the Mr. Farr, the Plaintiff testified that he had no way of

knowing whether Miller received the letter he wrote on September 14, and that he did not follow up with Miller. *Plaintiff's Deposition*, ECF No. 39-2, PageID.186-187.  In addition, Plaintiff speculates that "like the mail to defendant Karl, the institutional security cameras in the housing unit can verify the presentation of mail to defendant Miller via the ARUS mail box." *Id*. PageID.225.

There are two salient points to consider regarding these Defendants' knowledge (or lack thereof) that Plaintiff had been threatened on September 14. First, Plaintiff clearly testified at his deposition that he received the threatening note on September 14, and that he informed the Defendants of such on the very same day, including hand-delivering a letter to Defendant Karl. In his Response, he backs away from that testimony, offering an unsworn opinion that he *may have* been mistaken about the date, and that it could have been September 13, 15, or 16.¹  Apart from the fact that this speculative statement is unsworn, a party is generally precluded from responding to a summary judgment motion with a statement that contradicts his or her sworn deposition testimony. *See Cleveland v. Policy Mgmt. Sys. Corp*., 526 U.S. 795, 806 (1999) ("[A] party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement (by, say, filing a later affidavit that flatly contradicts that party's earlier sworn deposition) without explaining the contradiction or attempting to resolve the disparity"); *Martin v. Unknown Marshals*, 965 F.Supp.2d 502, (D.N.J. 2013) ("[D]istrict court may disregard [summary judgment affidavit that contradicts prior testimony] unless there is independent evidence to bolster contradictory testimony."). Here, Plaintiff has not provided any affidavits or other

---

¹ Plaintiff's assertion that he may have informed the Defendants on September 13 stands at odds with his testimony that he received the threatening note on September 14.

independent evidence explaining the discrepancy between his clear deposition testimony that he informed the Defendants on September 14 and his current theory that it may have been a different date. Indeed, the letters to the Defendants that Plaintiff attached to his complaint are dated September 14, the day he received the threat, which corresponds to his testimony that he informed the Defendants on the day he received the threat.

Secondly, Plaintiff's new theory that it may have been a different date–proffered only after he saw documentary evidence that Defendant Karl was not working on September 14–is based on speculation, not evidence. He suggests that video camera footage "from the 13th, 15th or even 16th *may* show the passing of mail between the plaintiff of defendant." (Emphasis added). A plaintiff contesting a summary judgment motion must produce enough evidence to allow a reasonable jury to find in his favor. *Anderson*, 477 U.S. at 252. "The 'mere possibility' of a factual dispute is not enough." *Martin v. Toledo Cardiology Consultants, Inc.*, 548 F.3d 405, 410 (6th Cir. 2008) (quoting *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992) ). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (internal citations omitted). Here, Plaintiff has not met his burden of producing any *evidence* to support his assertion that he informed the Defendants of the threat on any date other than September 14, as he testified in his deposition. Nor has he presented sufficiently probative evidence of his own to rebut the Defendants' affidavits that they received no such communication from the Plaintiff prior to the actual assault.

Because Plaintiff has not produced evidence sufficient to create a triable issue of fact as to whether these Defendants had prior knowledge of any threats, the Defendants

are entitled to summary judgment. *Doe v Sullivan County*, 956 F2d at 545; *Anderson v. Liberty Lobby, Inc*.

The Defendants have also raised the affirmative defense of qualified immunity. A state official is protected by qualified immunity unless the Plaintiff shows (1) that the Defendant violated a constitutional right, and (2) the right was clearly established to the extent that a reasonable person in the Defendant's position would know that the conduct complained of was unlawful. *Saucier v. Katz*, 533 U.S. 194 (2001). Under *Saucier*, the inquiry was sequential, requiring the district court to first consider whether there was a constitutional violation. However, in *Pearson v. Callahan*, 555 U.S. 223, 129 (2009), the Supreme Court held that the two-step sequential analysis set forth in Saucier is no longer mandatory. Rather, *Pearson* commended the order of inquiry to the judge's discretion, to be exercised on a case-by-case basis.

I have determined, as discussed above, that Defendants have shown an entitlement to summary judgment. As there was no constitutional violation, the first prong of Saucier has been satisfied, and it is not necessary to delve further into the issue of qualified immunity. *See Marvin v. City of Taylor*, 509 F.3d 234, 244 (6th Cir.2007) ("If there is no constitutional violation, then the plaintiff's § 1983 claim fails as a matter of law and the defendant ... does not need qualified immunity"); *see also Madrid v. King*, 2020 WL 2507620, at *2 (E.D. Mich. May 15, 2020)(Hood, CJ) ("If no constitutional violation is established, then there is no need to engage in further qualified immunity analysis.").

### B. Plaintiff's Motion for Summary Judgment [ECF No. 45]

In the preceding section, I explained that Plaintiff had not provided any admissible evidence that Defendants Miller and Karl had knowledge of threats that had been made to the Plaintiff prior to the actual assault. Again, in a failure to protect case, deliberate

indifference to a serious need in violation of the Eighth Amendment requires a showing that the Defendants knew the Plaintiff was likely to be harmed and consciously failed to protect the Plaintiff. *Doe v Sullivan County*, 956 F2d 545 (6th Cir. 1992). In his own motion for summary judgment, Plaintiff has likewise failed to provide any basis to conclude that there is a triable issue of fact as to the Defendants' knowledge, much less that he is entitled to summary judgment. Therefore, for the same reasons discussed in the above section, Plaintiff's motion for summary judgment should be denied.

I do wish to note that my recommendation should not be read to minimize the severity of the injuries and trauma that Mr. Farr suffered as a result of this assault. However, under these facts he has not established an Eighth Amendment deliberate indifference claim against these Defendants.

## IV. CONCLUSION

I recommend that Defendants' Motion for Summary Judgment [ECF No. 39] be GRANTED, and that Plaintiff's Motion for Summary Judgment [ECF No. 45] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir.

1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1991).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                            s/R. Steven Whalen
                                            R. STEVEN WHALEN
                                            UNITED STATES MAGISTRATE JUDGE

Dated: August 26, 2020

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on August 26, 2020 electronically and/or by U.S. mail.

                                            s/Carolyn M. Ciesla
                                            Case Manager