UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMMY LEE FARR,                                    Case No. 18-11092

       Plaintiff,                               Stephanie Dawkins Davis
v.                                                 United States District Judge

O'BELL WINN ET AL.,                                R. Steven Whalen
                                                   United States Magistrate Judge
       Defendants.
_____/

**OPINION AND ORDER SUSTAINING
IN PARTAND OVERRULING IN PART
PLAINTIFF'S OBJECTIONS TO REPORT AND
RECOMMENDATION [ECF No. 48] GRANTING
IN PART AND DENYING IN PART DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT [ECF No. 39], AND DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF No. 45]**

**I. INTRODUCTION AND FACTUAL BACKGROUND**

     Plaintiff Tommy Lee Farr brought suit in this court against several

defendants alleging Eighth Amendment claims of deliberate indifference to a

serious need.  (ECF No. 1).  Farr claims that he received a threatening note from a

fellow prisoner and informed the Defendants of the threat.  *See id.*  However, Farr

claims that Defendants ignored Farr's communications informing them about the

threat.  *See id.*  On September 22, 2015, the inmate who had threatened Farr, his

cellmate, physically assaulted him.  (*Id.* at PageID.3).  This matter is before the

court on cross motions for summary judgment filed by Defendants Bobby Karl and Gary Miller (ECF No. 39) and Plaintiff Tommy Farr. (ECF No. 45).  This court referred the matter to Magistrate Judge R. Steven Whalen, who issued a Report and Recommendation ("R&R") on August 26, 2020, recommending that the court grant the Defendants' motion for summary judgment and deny Plaintiff's motion for summary judgment. (ECF No. 48, PageID.408).

To sustain a failure to protect claim under the Eighth Amendment, a plaintiff must satisfy a two-prong test.  The first prong of a failure to protect claim requires an inmate to satisfy an objective standard.  A prisoner must demonstrate that he was "incarcerated under conditions posing a substantial risk of serious harm." *Beck v. Hamblen Cnty, Tenn.*, 969 F.3d 592, 600 (6th Cir. 2020) (quoting *Farmer v. Brennan*, 511 U.S. 825, 828 (1994)).  The second prong is subjective.  Under the second prong, a prisoner must prove that officials were deliberately indifferent to his health or safety.  A prisoner must "show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and then disregarded that risk." *Cameron v. Bouchard*, 815 F. App'x 978, 984 (6th Cir. 2020) (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)).  Prison officials must have a subjective state of mind that is "more blameworthy than negligence"; the state of mind must be akin to criminal recklessness.  *Cameron*, 815 F. App'x at 984 (quoting *Farmer*, 511

U.S. at 835, 839–40). Officials are not liable if "they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." *Farmer*, 511 U.S. at 844. And a prison official is not liable if he knew about a substantial risk, responded reasonably, but the harm was still not averted. *Wilson v. Williams*, 961 F.3d 829, 840 (6th Cr. 2020). Further, "generally an isolated or occasional attack is not sufficient to state a claim" for deliberate indifference. *Stewart v. Love*, 696 F.2d 43, 45 (6th Cir. 1982), *rev'd on other grounds*.

Defendants' summary judgment motion argues that Plaintiff did not prove the second, subjective component of the failure to protect test and could not show that Defendants were deliberately indifferent to a serious threat because Defendants did not know about the threat against Farr. (ECF No. 39, PageID.161–63). The R&R agreed with Defendants and concluded that there was not a triable issue of fact about whether the Defendants had prior knowledge of the threat that Farr alleges that he received. (ECF No. 415, PageID.5–8). The R&R notes that Farr testified in his deposition that he gave Defendants notice of the threat made to him on September 14, 2015; however, Farr then stated in his response to Defendants' motion for summary judgment that he may have given notice to Defendants on a different date, and does not contest that he could not have given notice to Defendant Karl on September 14 because Karl was not working on that date. (*Id.*

at PageID.412).  The R&R then notes that Farr's response speculates that video footage from September 13, 14, or 16, 2015 may show Farr passing mail notice of the threat to Karl.  *Id.*  The R&R ultimately concluded that the record did not contain evidence to create a dispute of fact that Farr informed Defendants of the threat from his fellow inmate and that Defendants had prior knowledge of the threat to Farr.  (*Id.* at PageID.413).  The R&R therefore concluded that Defendants were not deliberately indifferent in violation of the Eighth Amendment.  *Id.*  On September 23, 2020, Farr filed an objection to the R&R.  (ECF No. 50).  Defendants filed a response to Farr's objection on October 16, 2020.  (ECF No. 52).

For the reasons discussed, the court will SUSTAIN Plaintiff's objection that disputes of fact exist regarding whether Defendants Karl and Miller were deliberately indifferent to a serious harm against Farr.  The court also concludes that Eleventh Amendment Immunity applies to prevent claims against Defendants in their official capacities.  The court therefore REJECTS the R&R's recommendation that summary judgment be entered in favor of the Defendants, and instead will GRANT IN PART AND DENY IN PART Defendants' motion for summary judgment and DENY Plaintiff's motion for summary judgment.

## II. LEGAL STANDARD

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a *de novo* standard of review.  28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-(3).  This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*  "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Group LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018).  Objections that dispute the general correctness of the report and recommendation are improper.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute").  In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. *See Pearce*, 893 F. 3d at 346.  And, when objections are "merely perfunctory responses . . . rehashing . . . the same arguments set forth in the original petition,

reviewing courts should review [a Report and Recommendation] for clear error."
*Ramirez v. United States*, 898 F.Supp.2d 659, 663 (S.D.N.Y. 2012); *see also*
*Funderburg v. Comm'r of Soc. Sec.*, 2016 WL 1104466, at *1 (E.D. Mich. Mar.
22, 2016) (Hood, J.) (noting that the plaintiff's objections merely restated his
summary judgment arguments, "an approach that is not appropriate or sufficient.").

When a party files a motion for summary judgment, it must be granted "if
the movant shows that there is no genuine dispute as to any material fact and the
movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party
asserting that a fact cannot be or is genuinely disputed must support the assertion
by: (A) citing to particular parts of materials in the record . . .; or (B) showing that
the materials cited do not establish the absence or presence of a genuine dispute, or
that an adverse party cannot produce admissible evidence to support the fact."
Fed. R. Civ. P. 56(c)(1). The standard for determining whether summary judgment
is appropriate is "whether the evidence presents a sufficient disagreement to
require submission to a jury or whether it is so one-sided that one party must
prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d
433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,
251–52 (1986)). Furthermore, the evidence and all reasonable inferences must be
construed in the light most favorable to the non-moving party. *Matsushita Elec.
Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Where the movant establishes the lack of a genuine issue of material fact, the burden of demonstrating the existence of such an issue then shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). That is, the party opposing a motion for summary judgment must make an affirmative showing with proper evidence and to do so must "designate specific facts in affidavits, depositions, or other factual material showing 'evidence on which the jury could reasonably find for the plaintiff.'" *Brown v. Scott*, 329 F. Supp. 2d 905, 910 (6th Cir. 2004). In order to fulfill this burden, the non-moving party only needs to demonstrate the minimal standard that a jury could ostensibly find in his favor. *Anderson*, 477 U.S. at 248; *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). However, mere allegations or denials in the non-movant's pleadings will not satisfy this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 251.

## III. DISCUSSION

### A. Timeliness of Objection

As an initial matter, this court must determine if Farr filed his objection in a timely manner. Magistrate Judge Whalen issued his R&R on August 26, 2020. Farr filed his objection on September 23, 2020. (ECF No. 50). Defendants assert

that Farr did not file his objection on time; therefore, this court should not consider it.  (ECF No. 52, PageID.431–32).

Under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(a), a party has 14 days to file an objection after being served with a report and recommendation.  Fed. R. Civ. P. 6(d) extends the objection period for documents served via regular mail from 14 days to 17 days.  Farr filed a letter with the court on September 15, 2020 stating that he received service of the R&R on September 8, 2020.  (ECF No. 49, PageID.418).  Therefore, pursuant to the Federal Rule of Civil Procedure, Farr had 17 days—until September 25, 2020, to file his objections.  Farr's September 23, 2020 objection was therefore timely filed.  However, even if Farr had not filed his objections by September 25, 2020, this court recognizes that the COVID-19 pandemic has created delays with the United States Postal Service and the filings docketed by this court.  It appears that such delays could have affected Farr's receipt of the R&R, the delivery of Farr's objections to the court, and the docketing of the objections once received in the court.  Therefore, the court would still consider objections that are not filed within the 14 or 17-day period required under the statute and rules.

## B. **Objection One**

Farr's first objection states that the R&R wrongly concluded that the record does not show a dispute of material fact about whether Defendants had notice of

the threat that Farr received.  (ECF No. 50, PageID.421).  Farr states that

eyewitness testimony can differ based on the individual.  *Id.*  He then states that

other statements should be given the same weight as deposition testimony.  (*Id.* at

PageID.421–22).  Farr also states that he did not know how to properly utilize

discovery procedures, but public record information substantiates his claims that he

informed Defendants of the threat that he received.  (*Id.* at PageID.422).  Farr next

states that evidence exists to show that prison personnel deliberately refuse to

move cellmates unless someone goes to segregation or to the hospital.  (*Id.* at

PageID.423).

   The R&R concluded that there is no dispute of fact regarding notice to

Defendant Karl because Farr could not have hand-delivered a letter to Karl on

September 14, 2015 informing Karl of the threat against him as Karl was not

working on that date.  (ECF No. 48, PageID.412).  The R&R notes that Karl

submitted documentary evidence showing that he was not working on September

14, 2015.  *Id.*  The R&R also reasons that Farr's response to Defendants' summary

judgment motion states that he might have been mistaken about the date that he

gave the letter to Karl.  (*Id.* at PageID.413).  However, the R&R states that any

theory about Farr giving Karl the letter on a different date is based on speculation.

(*Id.* at PageID.414.).

This court reviewed the evidence in this case.  Farr testified in his deposition that he wrote letters to Defendants Karl and Miller notifying them about the threat against him.  (ECF No.39-2, PageID.180).  He stated that he personally hand-delivered the letter to Karl on September 14, 2015—the same day that he wrote it. (*Id.* at PageID.184–85).  But in his response to Defendants' summary judgment motion, Farr states that video footage from September 13th, 15th, or 16th may show him passing mail to Karl, suggesting that Farr is unsure of the date that he gave Karl letter notice of the threat against him.  (ECF No. 42, PageID.224).

For his part, Karl submitted an affidavit stating that Farr never told him verbally or in writing that his bunkmate was threatening him.  (ECF No. 39-5, PageID.202).  Karl also stated that he was not working on September 14, 2015 and thus could not have received a letter from Farr on that date.  *Id.*  He proffered a work schedule document that he states shows that he was not working on September 14, 2015. (ECF No. 39-6, PageID.207).  However, the work schedule document for September 14, 2015 submitted by Karl is largely redacted.  (ECF No. 39-6, PageID.207).  It does list Karl's name in the right hand column under Supervisor RDO, RDO Group #4 and a "G" appears under a column labeled "G/T."  *Id.*  But the reader is left to her own devices on how to interpret the worksheet given that the majority of it is redacted, the meaning of the various abbreviations and columns is not apparent, and Defendants' summary judgment brief provides no

guidance about how to read the document.   If this document supports Karl's claim that he was not working on September 14, 2015, it is not apparent simply from the face of the redacted document.   The R&R properly found that Farr cannot overcome a prior statement made under oath with a subsequent contradictory statement.  *See Penny v. United Parcel Service*, 128 F.3d 408, 415 (6th Cir. 1997) (party cannot create a genuine issue of material fact by filing an affidavit after summary judgment has been made, that contradicts the earlier deposition testimony); *Dotson v. U.S. Postal Service*, 977 F.2d 976, 978 (6th Cir.), *cert. denied*, 506 U.S. 892, (1992) (party cannot rely upon an affidavit contradicting prior sworn testimony); *Reid v. Sears, Roebuck and Co.*, 790 F.2d 453, 460 (6th Cir. 1986) (same).  Here, Plaintiff has offered even less – not a sworn statement, but rather merely an argument suggesting that the date referenced in his prior testimony may have been off.   Regardless of whether Plaintiff's equivocation negates his prior sworn testimony,  the R&R's conclusion regarding the subsequent statement is not dispositive of the notice issue because it was not the only evidence of notice.

Even if there is no dispute of fact about whether Farr delivered the letter to Karl on the 14th, there remains other evidence in the record that Karl received notice. For instance, Farr testified that he also gave Karl verbal notice of the threats against him by his bunkmate.  At his deposition he stated as follows:

Q. Okay, so just so the timeline is clear, you spoke to Morgan verbally - -
A. Right.
Q. - - and then you wrote him a letter?
A. Right, him and Karl.
Q. And Karl?
A. Right, because Karl was like a regular officer on days, so *every time he'd come by I'd let him know, hey, man, this guy is still threatening me*."
Q. And do you remember exactly what the conversation was?
A. Well, basically they act like they don't want to get involved.

(ECF No.39-2, PageID.180–81). (emphasis supplied).  Thus, Farr's deposition

states that Farr gave verbal notice to prison officers Morgan and Karl about his

cellmate's threat.  (ECF No. 39-2, PageID.180).

The deposition testimony does not specify dates when Farr verbally told Karl

about the threats against him.  However, viewing the evidence in the light most

favorable to Farr, a reasonable reading of the testimony suggests that he verbally

told Karl about the threats on multiple days before he was attacked.  *See In re

Scrap Metal Antitrust Litig.*, 527 F.3d 517, 532 (6th Cir. 2008) (noting that in

summary judgment proceedings, "evidence should be viewed in the light most

favorable to the party against whom the motion is made, and that party given the

benefit of all reasonable inferences") (quoting *Tisdale v. Fed. Exp. Corp.*, 415 F.3d

516, 531 (6th Cir. 2005)).  Therefore, Farr's uncertainty about the date on which he

hand-delivered the letter of notice to Karl does not extinguish the existence of a

question of fact about whether Karl had notice of the threat against Farr.  While the

R&R was correct to note that Farr's uncertainty about the date that he delivered the

letter to Karl may render his testimony in that regard speculative, Farr's testimony that he also gave Karl verbal notice of the threats against him is also material to the issue of notice to Karl. Hence, summary judgment is not appropriate.

Considering the evidence regarding notice to Defendant Karl, the court concludes that a dispute of fact exists about whether Karl received notice of the threat against Farr. Karl maintains that he was not working on September 14; therefore, Farr could not have hand-delivered the letter of notice to him on that date. However, the work schedule submitted by Karl to prove that he was not working on September 14 is not decipherable to the court. Therefore, the evidence that is left regarding the delivery of the letter to Karl is Karl's affidavit testimony that he was not working on September 14 to receive Farr's letter, and Farr's deposition testimony that he handed the letter to Karl on September 14. And as the R&R correctly notes, Farr's statements in his response to Defendants' summary judgment motion that he may have delivered the letter to Karl on a different date are not sufficient to create a dispute about the date of delivery of the letter. In addition, Farr testified that he verbally informed Karl on potentially multiple days about the threat. (*See id.* at PageID.180–81) (stating, "Karl was like a regular officer on days, so every time he'd come by I'd let him know, hey, man, this guy is still threatening me."). Therefore, the conflicting testimony of Farr and Karl

creates a dispute of fact about whether Karl received notice from Farr, either in a letter or verbally, about the threat against Farr.

Regarding Defendant Miller, Farr testified that he put a letter about the threat in the mailbox addressed to Defendant Miller.  (*Id.* at PageID.186).  He stated that he did not have any way of knowing if Miller received the letter because he did not follow-up on Miller's receipt of the letter.  *Id.*  The R&R and Defendants' motion for summary judgment reiterate that Farr did not know if Miller received the letter notifying him of the threat, and Farr did not follow up with Miller.  (ECF No.48, PageID.412–13; ECF No. 39, PageID.167).  However, Defendants present no authority that failure to ensure that a prison official has received a letter of notice means that there cannot be a dispute of fact about receipt of the letter, and therefore a dispute of fact regarding notice.  To the contrary, case law suggests that following-up to ensure that an official has received a letter is not required.  *See Sullivan v. Mich. Dep't of Corrections*, No. 07-12218, 2008 WL 2938092, at *5 (E.D. Mich. July 28, 2008).  In *Sullivan*, the plaintiff was a prisoner who alleged that he received threats from fellow inmates and sent a letter to the warden about the threats before another prisoner attacked him.  *Id.*  The warden claimed that she did not receive the letter.  *Id.*  The court denied the warden's motion for summary judgment, finding that it could not make credibility determinations and was required to view the facts in the light most favorable to the plaintiff.  *Id.*  The court

did not assess—and  presumably did not deem material—whether the plaintiff had

followed-up to ensure that the warden received the letter.  *See id.  See also Scarber*

*v. Fisher*, No. CIV. 11-12821, 2012 WL 553900, at *6 (E.D. Mich. Jan. 27, 2012)

*report and recommendation adopted sub nom. Scarber v. Arambula*, No. 11-

12821, 2012 WL 554337 (E.D. Mich. Feb. 21, 2012) (same).

   In this case, Farr alleges that he submitted a letter to Miller informing him of

the threat by his cellmate.  Farr did not follow-up with Miller to verify that he

received the letter.  However, authority does not hold that a failure to follow-up on

receipt of a letter to a prison official compels the conclusion that the prison official

did not have notice.  As discussed above, cases from courts in this district suggest

that follow-up is not required to create a dispute of fact.  Thus, in the absence of

authority stating otherwise, this court concludes that a dispute of fact remains

about whether Miller received Farr's letter, and consequently whether he received

notice of the threat against Farr.

   **C. <u>Objection Two</u>**

   In the second part of his objection, Farr states that he demonstrated that the

Defendants showed him deliberate indifference because Defendants did not

respond to his grievances.  (ECF No. 50, PageID.424).  Farr states that he can call

witnesses who will allege that prison personnel discard their grievances regarding

cell mate compatibility.  *Id.*  However, Farr fails to attach any statements from

these alleged witnesses to his objection.  Therefore, the court cannot verify that such witnesses exist and can testify that prison personnel deliberately discard grievances.  Further, the court has sustained Farr's first objection and found that disputes of fact exist regarding whether Defendants showed him deliberate indifference.  The court will therefore overrule this objection.

### D. **Objection Three**

In the third part of his objection, Farr states that he showed that the Defendants had knowledge of the threat against him.  (ECF No. 50, PageID.424).  Farr references his other objections to support his contention.  *Id.*  As the court concluded *supra*, the record contains a dispute of fact about whether Defendants received notice of the threat that Farr's cellmate made against him.  Therefore, the court has already sustained this objection.

### E. **Objection Four**

Lastly, Farr repeats his claim that prison employees do not appropriately respond to communication from inmates.  Farr does not present any additional evidence to support his argument, but references his arguments made *supra*.  (ECF No. 50, PageID.425).  The court concluded above that Farr did not bring evidence supporting his contention that Defendants intentionally do not respond to correspondence from inmates.  Therefore, the court will overrule this objection.

### F. **Sufficiency of the Remainder of Farr's Eighth Amendment Claim**

Defendants in this case do not argue that Farr fails to satisfy the first, objective component of the Eighth Amendment failure to protect test—that Farr was incarcerated under conditions posing a substantial risk of serious harm to him. (*See* ECF No. 39).  Therefore, the court finds that Farr satisfies the first prong of the Eighth Amendment failure to protect test.  This court concluded above that a dispute of fact exists regarding whether Defendants showed deliberate indifference to Farr under the second prong of the failure to protect test.  However, in addition to arguing that there is no dispute of fact about deliberate indifference, Defendants' motion for summary judgment asserts that an isolated or occasional attack is not sufficient to state a claim of Eighth Amendment deliberate indifference.  (ECF No. 39, PageID.163).  Therefore, Defendants argue that they are not liable for the isolated attack against Farr.  *See id.*

In general, "an isolated or occasional attack is not sufficient to state a claim" for deliberate indifference.  *Stewart*, 696 F.2d at 45 (6th Cir. 1982).  Defendants cite the *Stewart* case for their argument that they cannot be held liable for an isolated attack.  In *Stewart*, an inmate alleged that he informed prison officials about rumors of an impending assault against him.  *Id.* at 44.  The prison officials transferred the inmate to a different cell for six months.  *Id.*  When the prisoner returned to his old cell after six months, he reported "only the most general

17

allegations that someone was going to get hit on the head," and officials did not move his cell again. *Id.* at 44, 45. The prisoner was subsequently assaulted. *Id.* at 44. The court concluded that the prison officials did not violate the inmate's Eighth Amendment rights, but the court made clear that the inmate did not show deliberate indifference because the officers had taken at least some action in response to the prisoner's warnings. *Id.* at 45 (reasoning that, "[h]ad no action whatsoever been taken to protect the plaintiff, the court would be inclined to allow this action to proceed to a full hearing."). A full reading of the *Stewart* case thus shows that the court did not fail to find deliberate indifference simply because the attack against the prisoner was an isolated attack. Indeed, several courts in this district have denied summary judgment on deliberate indifference claims stemming from the single, isolated attack of a prisoner. *Bennett v. Winn*, No. 17-12249, 2020 WL 5985988, at *5 (E.D. Mich. Feb. 18, 2020), *report and recommendation adopted*, No. 17-CV-12249, 2020 WL 4013307 (E.D. Mich. July 16, 2020) (rejecting the defendant's *Stewart* argument that he could not be liable for failing to protect the plaintiff from an isolated incident); *Scarber*, 2012 WL 553900, at *4 (rejecting the defendant's *Stewart* argument that she could not be liable for failing to protect the plaintiff from an isolated incident); *Mills v. Lafler*, No.07-cv-13285, 2008 WL 4386750, at *11 (E.D. Mich. Sept. 25, 2008) (concluding that "[u]nlike

in *Stewart*, [p]laintiff . . . alleges that [defendant] . . . took no action even though he was repeatedly made aware of the [inmate's] threats and assaults.").

In this case, Farr is alleging that Defendants took no action to protect him, even though he informed them that his cellmate was threatening him.  Pursuant to *Stewart*, and similar to the court's conclusions in *Bennett*, *Scarber* and *Mills*, defendants can be held liable for this single attack because Farr alleges that they did nothing to attempt to protect him from it.

## G. <u>Farr's Credibility</u>

Defendants' motion for summary judgment also asks this court to consider Farr's credibility.  (ECF No. 39, PageID.169–70).  Defendants allege that Farr fabricated/forged the threatening letters that he alleges he received.  However, district courts may not "resolve credibility issues against the nonmovant."  *CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir. 2008).  This court must also accept as true any evidence offered by Farr in response to Defendants' motion for summary judgment.  *Id.*  "The district court errs by granting summary judgment for the defendant where issues of credibility are determinative of the case."  *Id.* (quoting *Ctr. for Bio-Ethical Reform*, 477 F.3d 807, 820 (6th Cir. 2007).

It is improper for this court to discuss and analyze credibility against Farr at the summary judgment stage.  Therefore, the court will not consider Defendants' credibility argument.

## H. <u>Qualified Immunity</u>

Defendants' motion for summary judgment asserts that qualified immunity precludes their liability.  (ECF No. 39, PageID.170).  Farr opposes the applicability of qualified immunity.  (ECF No. 42, PageID.227).  The doctrine of qualified immunity shields government officials who are performing discretionary functions from civil liability as long as their conduct does not violate a 1) clearly established 2) constitutional right.  *See Schreiber v. Moore*, 596 F.3d 323, 329 (6th Cir. 2010).  "A right is 'clearly established' if 'the contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right.'"  *Id.*  (quoting *Morrison v. Bd. of Trs. of Green Twp.*, 583 F.3d 394, 400 (6th Cir. 2009)).  Defendants assert that there was no constitutional violation; therefore, qualified immunity shields them from liability.  (ECF No. 39, PageID.170–73).  However, this court concluded above that a dispute of fact exists about whether there was a constitutional violation.

Next, the court will address whether the right was clearly established.  The Supreme Court has stated that "prison officials have a duty . . . to protect prisoners form violence at the hands of other prisoners."  *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quoting *Cortes-Quinones v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1d Cir. 1988)).  In addition, the Sixth Circuit has consistently held that "[a]n inmate's right to be free from violence at the hands of other prisoners" was clearly

20

established at the time of an alleged violation of this right by prison officials who allegedly ignored a warning of violence against an inmate. *Bishop v. Hackel*, 636 F.3d 757, 772 (6th Cir. 2011). *See also Leary v. Livingston Cnty*, 528 F.3d 438, 442 (6th Cir. 2008); *Doe v. Bowles*, 254 F.3d 617, 620 (6th Cir. 2001); *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990).

In this case, the Defendants understood that Farr had a right to be free from violence from other prisoners. Defendants' summary judgment motion and their affidavits state that they moved Farr to a different cell after he was attacked, and that they would have taken steps to move him before an attack if there were credible threats against Farr. (*See* ECF No. 39, PageID.173; ECF Nos. 39-4, 39-5). Therefore, Defendants should also have reasonably understood that ignoring the warnings of the threat against Farr also violated Farr's right to be free from violence at the hands of other prisoners.  Thus, Farr's right to be from violence at the hands of other prisoners was clearly established at the time of the alleged constitutional violation.

This court concludes that a dispute of fact exists about whether Defendants violated Farr's clearly established constitutional right. Therefore, the doctrine of qualified immunity does not apply to shield Defendants from liability.

I. **Eleventh Amendment Immunity**

Defendants argue that they are entitled to Eleventh Amendment Immunity regarding the official capacity claims against them.  (ECF No. 39, PageID.173). Farr asserts that Eleventh Amendment Immunity does not apply, noting an exception to immunity where a suit challenging the constitutionality of a state official's actions is not a suit against the state.  (ECF No. 42, PageID.228).  The Eleventh Amendment states, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. Amend. XI.  Eleventh Amendment immunity extends to state officials who are sued in their official capacity.  *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 457 (6th Cir. 1998).  The state of Michigan has not consented to civil rights suits against it in federal court.  *Harrison v Michigan*, 722 F.3d 768, 771 (6th Cir. 2013).  "A plaintiff however, may sue state officials for monetary damages in their individual capacities under § 1983 without running afoul of the Eleventh Amendment."  *Turker*, 157 F.3d at 457.

Further, a limited exception to sovereign immunity exists where "a federal court can issue prospective injunctive and declaratory relief compelling a state official to comply with federal law."  *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 527 (6th Cir. 2008).  "It is beyond dispute that federal courts have jurisdiction over

suits to enjoin state officials from interfering with federal rights." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96 n. 14, (1983) (citing *Ex parte Young*, 209 U.S. 123, 160–62, 28 S. Ct. 441). *See also Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 255, (2011) (noting that "when a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign-immunity purposes."). To determine if the sovereign immunity exception applies, the court conducts a " straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Stewart*, 563 U.S. at 255 (quoting *Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)).

In this case, Farr is suing Defendants who were Michigan state employees working in their official capacity at the time of his attack. Therefore, suit against Defendants in their official capacity is barred by the Eleventh Amendment. The exception announced in *Ex Parte Young* is not applicable to this case because Farr's complaint concerns alleged actions that happened in the past and are not ongoing; therefore, the court is unable to grant prospective injunctive relief. However, Farr can still maintain his claims against Defendants in their individual capacities.

**IV. CONCLUSION**

For the reasons stated herein, the court will SUSTAIN Farr's objection that disputes of fact exist on his Eighth Amendment claim and REJECT the portion of the  Report and Recommendation [ECF No. 48] finding otherwise.  The court accepts the portion of the R&R denying Plaintiff's motion for summary judgment in view of the absence of any objection to that recommendation and the court's finding that material issues of fact remain.  Consequently, the Defendants' Motion for Summary Judgment [ECF No. 39] is GRANTED IN PART AND DENIED IN PART, and Plaintiff's Motion for Summary Judgment [ECF No. 45] is DENIED. Farr's Eighth Amendment claim against Defendants Karl and Miller survive summary judgment.  However, Farr may only bring this claim against Defendants in their individual, and not official, capacities.

SO ORDERED.

Dated:       March 30, 2021

s/Stephanie Dawkins Davis
HON. STEPHANIE DAWKINS DAVIS
United States District Court Judge