UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMMY LEE FARR,

        Plaintiff,

v.

O'BELL WINN, *et al.*,

        Defendants.
_____/

Case No. 4:18-cv-11092
District Judge Stephanie Dawkins Davis
Magistrate Judge Anthony P. Patti

## <u>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT (ECF No. 74)</u>

This matter came before the Court for consideration of Plaintiff's motion for leave to file a first amended complaint (ECF No. 74) and Defendants' response in opposition (ECF No. 77).  Judge Davis referred the motion to me for a hearing and determination.  (ECF No. 76.)  A hearing was held on March 11, 2022, at which counsel for both parties appeared and the Court entertained oral argument regarding the motion.

Upon consideration of the motion papers and oral argument, for the reasons summarized below, and as explained in greater detail on the record by the Court, all of <u>which is hereby incorporated by reference as though fully restated herein</u>, Plaintiff's motion for leave to file a first amended complaint (ECF No. 74) is **DENIED**.  First, even viewing Plaintiff's original pleading (ECF No. 1) under the

liberal pleading standards afforded to *pro se* plaintiffs, the Court finds that it cannot be construed to contain a claim for pervasive risk of harm, as the factual allegations and claims raised relate to a single incident in September 2015, involving a single prisoner, and a single gang, and do not suggest a general policy failure, systemic or widespread gang violence, or that anyone else was targeted. (*See* ECF No. 1, PageID.3-4.)  Second, the Court finds that the addition of a pervasive risk of harm claim would be futile under Federal Rule of Civil Procedure 15(c) as barred by the applicable statute of limitations, because the proposed factual allegations in support of such a claim do not relate back to the date of the original pleading, nor arise from the same core of operative facts.  *Mayle v. Felix*, 545 U.S. 644, 657 (2005) (agreeing with the reasoning of the majority of Circuits that "allow relation back only when the claims added by amendment arise from the same core of facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes"); *Day v. E.I. Dupont de Nemours & Co.*, 165 F.3d 27 (6th Cir. 1998) (unpublished table decision) ("Where a particular claim is barred by the applicable statute of limitations, it does not present an arguable or rational basis in law or fact and therefore may be dismissed as frivolous under § 1915(e)(2)(B)."). *See* Mich. Comp. Laws § 600.5805(2); *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986) (section 1983 claim subject to Michigan's three-year limitations period).  As the

2

Supreme Court observed in *Mayle*, while Rule 15(c)(2) may "'qualify a statute of limitations[,]'" the term "'qualify' does not mean repeal." *Mayle*, 545 U.S. at 662-63 (quoting from Justice Souter's dissent). Here, the facts Plaintiff seeks to add in support of a pervasive risk of harm claim are much wider in scope, in both "time and type"—encompassing systemic and widespread events from 2012-2016—than the timely-filed claims related to a specific September 2015 incident described in his original pleading. *See Alfaro v. Johnson*, 862 F.3d 1176, 1183 (9th Cir. 2017) (rejecting attempt to add systemic delay claim involving "system wide data" as not arising from the same core facts as the timely filed *habeas* claims). Finally, the Court finds that the requested amendment would unduly prejudice Defendants, as the case has been pending since April 2018, the discovery period has closed and dispositive motions have been filed and decided, and the proposed additional claim involves different legal theories and factual underpinnings.

**IT IS SO ORDERED.**

Dated: March 14, 2022

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

3